## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

*******************************************************************************************************

In re:

KENNETH JAMES DANIELSON,

      Debtor.

ORDER DENYING DEBTOR'S MOTION
FOR AVOIDANCE OF JUDICIAL LIENS

BKY 11-33074

*******************************************************************************************************

At St. Paul, Minnesota
October 3, 2011.

      This is a Chapter 7 case.  On July 20, 2011, counsel for the Debtor filed a motion for avoidance of judicial liens against real estate under 11 U.S.C. § 522(f)(1)(A).

      The motion was presented in very unusual form: all parts of it were dated June 6, 2011; the portion that came closest to matching the prescribed local form for a notice of hearing and motion was oddly and ungrammatically worded and was not accompanied by the required memorandum of law; counsel purported to verify the sparse factual content of that short document, as to which he was not a competent witness; separate portions labeled as separate, component motions against individual judgment creditors were apparently prepared by filling in blanks on some sort of general form from a software program, and they purported to be signed by the Debtor in e-format signature alone; there was no signature declaration for the Debtor containing a holographic signature, as required by the local rules; the proposed order lacked a legal description for the subject real estate; and proof of service did not clearly identify all individual addressees to particular judgment creditors, or evidence service on any local attorneys for the creditors who would have represented them for the underlying collection actions that led to the judgments in question.

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 10/03/2011
Lori Vosejpka, Clerk, By JRB, Deputy Clerk

Prior to the scheduled hearing date, counsel was alerted to all of these shortcomings, particularly the potential deficiency in service and the facial inadequacy of the proposed order.  (Any order on a lien avoidance motion from the bankruptcy court that lacks a legal description: (1) does not meet the Minnesota Title Standards; (2) would be turned back from any local office of land records in Minnesota as deficient and unrecordable; and (3) would thus require the submission, processing, docketing, and servicing of an amended order by the bankruptcy court.)  Counsel's only response was to file an ink-signed signature declaration and a three-line memorandum of law that said almost nothing.

Work this shoddy, and such nonresponsiveness by counsel, is not to be rewarded--particularly where it would only create an annoying and unwarranted burden on court staff to process a remedy for the defects.

IT IS THEREFORE ORDERED that the Debtor's motion for lien avoidance [Dkt. No. 14] is denied, without prejudice.

BY THE COURT:

*/e/ Gregory F. Kishel*

_____
GREGORY F. KISHEL
CHIEF UNITED STATES BANKRUPTCY JUDGE