UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Danielson, Kenneth James                           Bankruptcy case No.: 11-33074
                                                                                         Chapter 7

Debtor(s)

NOTICE OF HEARING AND RENEWED MOTION
TO AVOID LIEN(S) IMPARING EXEMPTION

To:        Discover Bank, FIA Card Services, N.A., HSBC Bank Nevada, N.A., Trustee, U.S. Trustee and other Parties in Interest.

1. The Debtor, above-named, renews his motion to the Court for the relief requested below and gives Notice of Hearing.

2. The Court will hold a Hearing on this Motion at 1:00 p.m. on January 18, 2012 in Courtroom 2A at the U.S. Bankruptcy Court, located at 316 North Robert Street St. Paul, MN 55101.

3. Any response to this Motion must be filed and served by delivery not later than January 13, 2012 which is which is five (5) days before the time set for the Hearing, (including intermediate Saturdays, Sundays, and legal holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 7 case was filed on May 6, 2011. This case is now pending in this Court.

5. This Motion arises under 11 U.S.C. §522. This Motion is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rules 9013-1 through 9019-1(d). The purpose of this motion is to avoid the fixing of judicial liens against real property of the Debtor, specifically against the real property described as follows: Sect-24 TWP-038 Rang-27 Lot-003 Blk-001 Hidden Pines Fourth Addition, Mille Lacs County, Minnesota.

6. A judgment was entered against Debtor in favor of FIA Card Services, N.A. on September 13, 2010, and docketed on September 13, 2010, in Mille Lacs County, Minnesota District Court File Case No. 48-CV-10-1970 in the original amount of $5,684.71, with an apparent lien in that amount recorded against the property referenced in paragraph 5.

7. A judgment was entered against Debtor in favor of Discover Bank on March 3, 2010, and docketed on March 3, 2010, in Mille Lacs County, Minnesota District Court File Case No. 48-CV-10-394 in the original amount of $15,530.08, with an apparent lien in that amount recorded against the property referenced in paragraph 5.

8. A judgment was entered against Debtor in favor of HSBC Bank Nevada N.A. on July 6, 2010, and docketed on July 6, 2010, in Mille Lacs County, Minnesota District Court File Case No. 48-CV-10-1442 in the original amount of $15,400.54, with an apparent lien in that amount recorded against the property referenced in paragraph 5.

9. There are two mortgage liens recorded against the property referenced in paragraph 5: (1) Mortgage dated October 30, 2003, filed November 07, 2003 to Wells Fargo Home Mortgage, Inc. in the original principal amount of $110,057.00, and (2) Mortgage

dated February 27, 2006, filed March 1, 2006 to Citicorp Trust Bank, fsb in the original principal amount of $51,203.78.

10. The balance of the principal on the loans described in paragraph 9 totaled $136,139.58 at the time of the filing of the petition in this case, which exceeds $135,200, the value of the property described in paragraph 5.

11. Debtor exempted a portion of his homestead real estate described in paragraph 5 under Title 11 United States Code section 522(d)(1).

12. The Meeting of Creditors was held on June 16, 2011. The Chapter 7 Trustee filed a Report of No Distribution on June 23, 2011 and no party in interest or creditor filed an objection to the claimed exemption on or before August 15, 2011. Therefore, the exemptions should be deemed allowed at the time of the hearing on this motion.

13. The judgments referenced in paragraphs 6 through 8, inclusive, are, or appear to be, judicial liens within the meaning of 11 U.S.C. Section 101(36).

14. The judgments are not for a domestic support obligation as described in 11. U.S.C. Section 523(5), nor are they for labor or materials provided to the real property by any of the judgment creditors.

15. The judgment liens impair an exemption to which the Debtor is entitled pursuant to section 522(b) and (f)(1) or (2) of the U.S. Bankruptcy Code.

16. The Debtor has the right to avoid the judicial liens pursuant to 11 U.S.C. Section 522(f)(1)(A).

17. Debtor requests an order determining that the judgment liens do not attach to the exempt real property or the proceeds thereof.

18. In the event testimony is taken, the Debtor will testify at the hearing.

**WHEREFORE,** the Debtor moves the Court for entry of an Order that the judgment liens described above are avoided and for such other relief as the Court deems just and equitable.

Dated: 11/17/11  /s/ A. Michael Kuehn
A. Michael Kuehn
Attorney ID 0386837
Attorney for the Debtor(s)
701 Fourth Ave South, Suite 500
Minneapolis, MN 55415
(612) 708-2075

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: Danielson, Kenneth James        Bankruptcy case No.: 11-33074
                                                          Chapter 7

Debtor(s)

---

VERIFICATION

---

Kenneth J. Danielson, Debtor(s), under penalty of perjury, states that the Notice of Hearing and Renewed Motion to Avoid Liens is true and correct as to the best information and knowledge of your Verifyer(s).

Dated: 11/17/2011                        _Kenneth J Danielson_
                                          Kenneth James Danielson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Danielson, Kenneth James            Bankruptcy case No.: 11-33074
                                            Chapter 7

Debtor(s)

MEMORANDUM OF LAW

The Debtor(s) brings this Motion to avoid the fixing of judicial liens against his exempt homestead real estate. A Chapter 7 debtor has the right to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled…" 11 U.S.C. § 522 (f)(1). This same section specifically includes judicial liens. Id. § 522 (f)(1)(A). Congress has produced a formula for determining if an exemption has been impaired. See id. § 522 (f)(2). Under such formulation, a lien impairs a debtor's exemption to the extent that the sum of (1) the lien plus (2) all other liens on the property as well as (3) the amount of the debtor's exemption(s), exceeds the value of the property excluding such lien. Id.; see also In re Kolich, 328 F.3d 406 (8th Cir. 2003). In the present case, the fair market value of the property is $135,200 as of the date the petition was filed. The home is encumbered by two mortgages, totaling $136,139.58. As in Kolich, the home is entirely encumbered by the mortgages, and therefore each of the individual judicial liens sought to be avoided by this motion exceed the value of the debtor's interest under section 522 (f)(2). As such, each of the three liens at issue "impair an exemption" pursuant to section 522 (f)(1), and the debtor should be permitted to avoid all three liens.

Dated: 11/17/11                              /s/ A. Michael Kuehn

A. Michael Kuehn
Attorney ID 0386837
Attorney for the Debtor(s)
701 Fourth Ave South, Suite 500
Minneapolis, MN 55415
(612) 708-2075

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Danielson, Kenneth James　　　　　　　　　Bankruptcy case No.: 11-33074
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7

Debtor(s)

CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s):

**Notice of Hearing and Renewed Motion, Memorandum of Law and Proposed Order**

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail, postage prepaid, on this 21st day of November, 2011.


Dated: 11/21/11　　　　　　　　　　　　　　　　/s/ A. Michael Kuehn
　　　　　　　　　　　　　　　　　　　　　　　　A. Michael Kuehn
　　　　　　　　　　　　　　　　　　　　　　　　Attorney ID 0386837
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for the Debtor(s)
　　　　　　　　　　　　　　　　　　　　　　　　701 Fourth Ave South, Suite 500
　　　　　　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55415
　　　　　　　　　　　　　　　　　　　　　　　　(612) 708-2075

Kenneth James Danielson
350 11th Street NE
Milaca, MN 56353


US Trustee
1015 US Courthouse
300 S 4th St
Minneapolis, MN 55415


Stephen J Creasey
Lapp Libra Thomson Stoebner & Pusch
2500 One Financial Plaza
120 South 6th St
Minneapolis, MN 55402


**For Discover Bank**

DISCOVER
PO BOX 6103
CAROL STREAM IL 60197-6103

DISCOVER
12 READS WAY
NEW CASTLE DE 19720-1649

DISCOVER FINANCIAL SVCS LLC
PO BOX 15316
WILMINGTON DE 19850

ZWICKER & ASSOCIATES, P.C.
80 MINUTEMAN ROAD
ANDOVER MA 01810-1008

Messerli & Kramer P.A.
3033 Campus Drive, Suite 250
Plymouth, MN 55441-2662

**For FIA Card Services, N.A.,**

FIA CARD SERVICES, N.A.
PO BOX 15137
WILMINGTON DE 19850-1513

GREYSTONE ALLIANCE, LLC
255 GREAT ARROW AVENUE
2ND FLOOR, SUITE 15
BUFFALO NY 14207

GREYSTONE ALLIANCE, LLC
PO BOX 1810
BUFFALO NY 14240-1810

GURSTEL CHARGO
6681 COUNTRY CLUB DRIVE
MINNEAPOLIS MN 55427

**For HSBC Bank Nevada, N.A**

HSBC BANK NEVADA, N.A.
1111 NORTH TOWN CENTER DRIVE
LAS VEGAS NV 89144

Rausch, Sturm, Israel, Enerson & Hornik
680 SOUTHDALE OFFICE CENTER
6600 FRANCE AVE SOUTH
MINNEAPOLIS MN 55435

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re: Danielson, Kenneth James  　　Bankruptcy case No.: 11-33074
　　　　　　　　　　　　　　　　　　　　　Chapter 7

Debtor(s)

ORDER AVOIDING LIENS

This case came before the Court on the Debtor's Renewed Motion. Based on the Motion and the file, record and proceeding herein,

IT IS ORDERED:

That the judicial liens described below are avoided as to the following real estate and any proceeds thereof:

Sect-24 TWP-038 Rang-27 Lot-003 Blk-001 Hidden Pines Fourth Addition, Mille Lacs County, Minnesota.

a. The apparent lien of FIA Card Services, N.A. by virtue of the judgment entered on September 13, 2010, and docketed on September 13, 2010, in Mille Lacs County District Court File Number 48-CV-10-1970 in the original amount of $5,684.71.

b. The apparent lien of Discover Bank by virtue of the judgment entered on March 3, 2010, and docketed on March 3, 2010, in Mille Lacs County District Court File Number 48-CV-10-394 in the original amount of $15,530.08.

c. The apparent lien of HSBC Bank Nevada N.A. by virtue of the judgment entered on July 6, 2010, and docketed on July 6, 2010, in Mille Lacs County, District Court File Number 48-CV-10-1442 in the original amount of $15,400.54.

Dated: _____     _____
　　　　　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge